IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:         C. R. BARD, INC.,
               PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION

MDL No. 2187

───────────────────────────────────────

THIS DOCUMENT RELATES TO CIVIL ACTION
NUMBER:

Jones v. C. R. Bard, Inc.         2:11-cv-00114

**MEMORANDUM OPINION AND ORDER**
**(Plaintiff's Motion to Amend Interlocutory Order and Motion for Hearing)**

Pending before the court is the plaintiff's Motion to Amend Interlocutory Order [Docket 292] and Motion for Hearing on Plaintiff's Motion to Amend Interlocutory Order [Docket 293]. Defendant C. R. Bard, Inc. ("Bard") has filed a response, and the motion is ripe for review. Upon a review of the pleadings and the applicable case law, the court determines that no hearing is necessary. For the reasons discussed below, the plaintiff's motions [Dockets 292 & 293] are **DENIED**.

**I.     Background**

On June 4, 2013, I entered a Memorandum Opinion and Order in this case, which granted partial summary judgment in favor of Bard on the plaintiff's claim for failure to warn on the basis that there was no evidence of causation. (*See* Mem. Op. & Order [Docket 288], at 10-12). I noted that under Mississippi law, "even if the warning is inadequate, the burden is on the plaintiffs to show [that] an adequate warning would have altered" the treating physician's conduct. (*Id.* at 10) (quoting *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1101

(Miss. 2004)). I then reasoned that "because Dr. Williams did not review the [instructions for use on the Avaulta product], no amount of warnings contained in it would have caused Dr. Williams to act any differently." (*Id.* at 12). Furthermore, "the plaintiff never directly respond[ed] to Bard's argument that Dr. Williams simply never read the IFU." (Mem. Op. & Ord. [Docket __], at 11-12). Thus, I found that the plaintiff failed to show a genuine issue of material fact on the issue of causation and granted Bard's motion for summary judgment on the plaintiff's failure to warn claim. The plaintiff now asks me to reconsider this ruling under Federal Rule of Civil Procedure 54(b), arguing that it is "legally and factually in error." (Mot. to Amend Interlocutory Order [Docket 292], at 1).

## II. Legal Standard

The plaintiff brings this motion under Federal Rule of Civil Procedure 54(b), which governs reconsideration here. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991) (finding district court properly reconsidered an interlocutory order under Rule 54(b)); *In re Digitek Prods. Liab. Litig.*, MDL No. 1968, 2010 WL 5396377, at *1 n.2 (S.D. W. Va. Oct. 20, 2010); *Bragg v. Robertson*, 183 F.R.D. 494, 495-96 (S.D. W. Va. 1998) (stating that "the Court retains power to amend interlocutory orders to achieve complete justice"). Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Notwithstanding that precept, it is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through—

rightly or wrongly." *Mt. Hawley Ins. Co. v. Felman Production, Inc.*, No. 3:09-cv-00481, 2010 WL 1404107, at *2 (S.D. W. Va. Mar. 30, 2010).

Additionally, although a "motion for reconsideration under Rule 54(b) is not subject to the strictures of a Rule 60(b) motion," this district has been "guided by the general principles of Rules 59(e) and 60(b)" in determining whether a Rule 54(b) motion should be granted. *Shrewsbury v. Cyprus Kanawha Corp.*, 183 F.R.D. 492, 493 (S.D. W. Va. 1998). The Fourth Circuit has recognized three grounds for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Such motions "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* Finally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)).

**III. Discussion**

The plaintiff argues that my ruling "is clearly erroneous because it overlooks causation evidence in the record, including but not limited to, disclosures made by Bard to Dr. Williams during a 2-day Bard training program." (Mot. to Amend Interlocutory Order [Docket 292], at 2). In short, the plaintiff argues that "the duty to warn under Mississippi law is broader than the IFU and is dependent upon the facts of the case." (*Id.* at 9).[1] First, I note that in the original round of briefing, "the plaintiff never directly respond[ed] to Bard's argument that Dr. Williams simply

---

[1] To the extent that the plaintiff may be arguing a claim of negligent training here, such a claim was never brought in the Master or Short-Form Complaint, and I will therefore only analyze the plaintiff's argument in the context of her failure to warn claim.

3

never read the IFU." (Mem. Op. & Ord. [Docket __], at 11-12). The plaintiff also concedes that she "imperfectly addressed a critical issue in her previous filing." (Mot. for Hearing on Pl.'s Mot. to Amend Interlocutory Order [Docket 293], at 1). Because, as noted above, a motion for reconsideration may not raise arguments which could have been raised prior to the issuance of the judgment, this would be sufficient grounds to deny the plaintiff's motion. Turning to the merits, however, the result is the same.

> The plain language of the applicable Mississippi statute states:
>
> (a) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that *at the time the product left the control of the manufacturer or seller*:
>
> . . .
>
> 2. The product was defective because it failed to contain adequate warnings or instructions.

Miss. Code Ann. § 11-1-63 (emphasis added). The Court of Appeals of Mississippi has found that "[t]he plain meaning of the MPLA's language is that the statute imposes liability on the manufacturer or seller for warnings that were inadequate *at the time of sale*." *Palmer v. Volkswagen of Am., Inc.*, 905 So. 2d 564, 601 (Miss. Ct. App. 2003), *rev'd in part on other grounds by Palmer v. Volkswagen of Am., Inc.*, 904 So. 2d 1077 (Miss. 2005). For purposes of the instant matter, we are concerned only with the warnings provided when the Avaulta product is sold to Bard's customers.[2]

---

[2] The plaintiff argues that "[t]he Mississippi Supreme Court has implicitly rejected a *per se* rule in the context of pharmaceutical litigation when it noted, in *dicta*, that a product insert may be sufficient for the warning to be adequate as a matter of law." (Mot. to Amend Interlocutory Order [Docket 292], at 5) (emphasis omitted) (internal quotation marks omitted). Indeed, "[a]n adequate warning is one reasonable under the circumstances." *Wyeth Labs., Inc. v. Fortenberry*, 530 So. 2d 688, 692 (Miss. 1988). Package inserts often constitute such warnings, but not always; for example, other products unrelated to the instant matter may include labels that provide warnings on particular components of the product. In any case, it is the warning that is provided at the point of sale that matters.

4

The plaintiff makes an attempt to distinguish the instant matter from *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 468 (5th Cir. 1999) and *Latiolais v. Merck & Co.*, No. CV 06-02208 MRP (JTLx), 2007 WL 5861354, at *3-4 (C.D. Cal. Feb. 6, 2007). I emphasize that these are not the only cases in which a court has found that a failure to read warnings or instructions provided with products defeats causation. *See, e.g.*, *Gebhardt v. Mentor Corp.*, 15 F. App'x 540, 542 (9th Cir. 2001); *Henry v. Gen. Motors Corp.*, 60 F.3d 1545, 1548 (11th Cir. 1995). Moreover, in *Palmer*, the Supreme Court of Mississippi cites and relies on five cases from other jurisdictions for this proposition. *See Palmer*, 904 So. 2d at 1084-85 (citing and discussing *Graves v. Church & Dwight Co.*, 631 A.2d 1248, 1258 (N.J. Super. Ct. App. Div. 1993); *Gen. Motors Corp. v. Saenz ex rel Saenz*, 873 S.W.2d 353, 361 (Tex. 1993); *Bushong v. Garman Co.*, 843 S.W.2d 807, 811 (Ark. 1992); *Gauthier v. McDonough Power Equip., Inc.*, 608 So. 2d 1086, 1088-89 (La. Ct. App. 1992); and *Bloxom v. Bloxom*, 512 So. 2d 839, 850-51 (La. 1987)). In short, there is a vast body of case law among many jurisdictions holding that there is no proximate cause where a warning—albeit ostensibly inadequate—was never read.

The plaintiff also provides deposition testimony by Gary Teague, Bard's director of physician training, which states, *inter alia*, that Bard's training was to educate the physicians regarding the "characteristics of the implant and the technique that was utilized to implant it." (Teague Dep. vol. II [Docket 292-1], at 273:3-273:10). However, this training would have been conducted at some indeterminate time after Bard introduced the Avaulta products to the market. (*See id.* at 266:19-268:15) (discussing that training on the Avaulta products began when it was introduced and ceased when there was no more demand for the training). Training was separate from sales. (*See id.* at 271:23-272:6).

5

In sum, it is clear that under Mississippi law, the plaintiff must show that, at the time the product left the control of the manufacturer or seller, the product was defective because it failed to contain adequate warnings or instructions. Miss. Code Ann. § 11-1-63. Facts pertaining to the 2-day training program that Dr. Williams attended are simply irrelevant to this analysis. Furthermore, the plaintiff does not dispute that Dr. Williams failed to read the IFU. Accordingly, the plaintiff's motion to amend is **DENIED**.

## IV.     The Plaintiff's Request for a Rule 54(b) Order

The plaintiff asks me to enter a Rule 54(b) order so that she may immediately appeal my ruling on this issue. Rule 54(b) states that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Fourth Circuit has recognized Rule 54(b) certification "as the exception rather than the norm," advising that "[i]t should neither be granted routinely, nor as an accommodation to counsel." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (internal citations omitted). The court further noted that:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.

*Id.* (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). This court first determines whether the judgment is final, and then determines whether there is no just reason for delay in the entry of judgment, considering five factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay,

economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1335-36 (quoting *Allis-Chalmers Corp. v. Pa. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). After consideration of these factors, I **FIND** that there is simply no reason to enter a Rule 54(b) order to permit an immediate appeal. Accordingly, the plaintiff's request for the entry of a Rule 54(b) order is **DENIED**.

**V.      Conclusion**

For the reasons discussed above, it is **ORDERED** that the plaintiff's motions [Dockets 292 & 293] are **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     June 14, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE