IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   C. R. BARD, INC.,
PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION

MDL No. 2187

THIS DOCUMENT RELATES TO CIVIL ACTION NUMBER:

Jones v. C. R. Bard, Inc.        2:11-cv-00114

**O R D E R**
**(Plaintiff's Motion to Remove Case from Group One Bellwether Trial Pool)**

Pending before the court is Plaintiff Carolyn Jones' Motion to Remove Case from Group One Bellwether Trial Pool [Docket 309]. Defendant C. R. Bard, Inc. ("Bard") filed a response, the plaintiff has replied, and the motion is ripe for review. As discussed below, the plaintiff's motion is **DENIED** with the limitations described further below.

**I.   Discussion**

The plaintiff offers two primary reasons for the removal of her case from the Group One bellwether trial pool.[1] First, the plaintiff argues that she was diagnosed with and underwent surgery for rectal prolapse recently, and that

> [u]nless this Court grants Plaintiff relief as requested in this motion, the trial of this case will not include testimony as to the cause of an injury to Ms. Jones that was not diagnosed until after Plaintiff's expert reports had been served. Furthermore, the additional opinions [] Dr. Cholhan testified to in his deposition, but not included in his expert report, will go unchallenged.

(Pl. Carolyn Jones' Mot. to Remove Case from Group One Bellwether Trial Pool [Docket 309], at 7). The plaintiff was diagnosed with rectal prolapse on February 18, 2013 and underwent

---

[1]   Plaintiff's case originally was chosen by Bard for inclusion in Group One.

surgery on March 8, 2013. In the rebuttal expert report from Dr. Donald Ostergard, plaintiff offered testimony about her rectal prolapse, but I found that Dr. Ostergard's opinion was not rebuttal testimony. As a result, I struck Dr. Ostergard's report. (*See* Mem. Op. & Order [Docket 300], at 4).

Second, the plaintiff argues that "recent legal developments in this case make Ms. Jones' case an outlier that would not be representative of the cases in this litigation," pointing to the fact that I ruled in favor of Bard in its motion for summary judgment on the plaintiff's failure to warn claim. (Pl. Carolyn Jones' Mot. to Remove Case from Group One Bellwether Trial Pool [Docket 309], at 8). I am not convinced by this argument. Under the learned intermediary doctrine as applied by many states, a failure to warn claim may be defeated on summary judgment if the plaintiff cannot show a genuine issue of material fact with regard to causation. It is entirely likely that a subset of the MDL cases do not have a viable failure to warn claim for this reason.

Furthermore, if I were to remove cases from the bellwether trial pools by request of a party due to a need for additional discovery because of ongoing surgeries and complications, the potential arises for the parties to manipulate which cases go to trial and which to not. For example, with respect to the other three bellwether plaintiffs, Dr. Hoyte's supplemental report notes that (1) Ms. Queen recently had surgery and will have another surgery soon; (2) Ms. Cisson recently visited her doctor with pain complaints; and (3) Ms. Rizzo was recently seen at the Mayo Clinic regarding her pelvic floor issues. (*See* Hoyte Supplemental Report [Docket 157-6], at 2). I will consider these matters on a case by cases basis, as I have done here.

I find that Ms. Jones's case should go to trial as planned on September 9, 2013, and I will not remove it from the Group One Bellwether Trial Pool. However, I find it appropriate to allow the plaintiff to identify Dr. Ostergard as an expert to testify about the issues already raised in his

expert report as to the plaintiff in this case, the last of the first four bellwether trials in the Bard MDL. Bard has urged that I require the plaintiff to use one of the other experts already identified in this case and not excluded, such as Dr. Shull or Dr. Hoyte, but I decline to do so because Dr. Ostergard has already examined the plaintiff's medical records, and trial is less than two months away. Bard is granted leave to file a rebuttal report and to depose Dr. Ostergard. In addition, the plaintiff may take the evidentiary deposition of Dr. Fox, who resected the prolapse. To the extent additional discovery is required, the court encourages the parties to agree and if they cannot, they should consult the court for further instruction. Finally, I will not impose deadlines as to when this discovery must occur; I expect the parties to work together to accomplish these tasks so that the trial of this matter moves forward in a timely manner.

**II.    Conclusion**

For the reasons discussed above, the plaintiff has not convinced me that her case should be removed from the Group One bellwether trial pool. However, I find limited additional discovery is appropriate. Accordingly, it is **ORDERED** that the plaintiff's motion [Docket 309] is **DENIED** with the limitations as set forth above.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    July 9, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE