**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: C. R. BARD, INC.
       PELVIC REPAIR SYSTEMS
       PRODUCT LIABILITY LITIGATION       MDL No. 2187

-----------------------------------------------------------------

THIS DOCUMENT RELATES TO CIVIL
ACTION NUMBER:

**Jones v. C. R. Bard, Inc.**         **Case No.: 2:11-cv-00114**

**MEMORANDUM OPINION AND ORDER**
(Defendant's Motion for Protective Order and Plaintiff's
Motion for Leave to Take Deposition of Dr. Farmer)

Defendant C.R. Bard, Inc. ("Bard") filed an emergency motion pursuant to Fed.R.Civ.P. 26(c)(1)(A) and 30(a)(2)(A) for a protective order prohibiting or limiting the deposition of Plaintiff's treating physician, Dr. Stephen Farmer. (ECF No. 356). According to Bard, it received a notice on November 6, 2013 scheduling Dr. Farmer's second deposition on November 14, 2013, a date less than three weeks before the beginning of trial in this civil action. In response, Plaintiff filed an opposition memorandum and a motion for leave to take Dr. Farmer's deposition, arguing that newly disclosed information constitutes good cause for the supplemental deposition. (ECF Nos. 357, 358). For the reasons that follow, the court **GRANTS** Defendant's motion for protective order and **DENIES** Plaintiff's motion for leave to take Dr. Farmer's deposition.

1

## I.   <u>**Relevant Facts**</u>

In 2009, Plaintiff was referred to Dr. Stephen Farmer, an urologist practicing in Mississippi, for evaluation of recurrent urinary tract infections. During the course of his assessment, Dr. Farmer concluded that some of Plaintiff's complaints were related to a mesh sling manufactured by Bard, which had been implanted in 2008 to treat Plaintiff's pelvic organ prolapse. Consequently, Dr. Farmer performed a surgical revision of the sling. During the procedure, he discovered a green stabilizing tab that should have been removed at the time the sling was inserted, but was erroneously left in Plaintiff's pelvic tissue. Post-operatively, Plaintiff continued to see Dr. Farmer, as well as other specialists, for ongoing urinary difficulties. In 2010, Plaintiff was found to have suburethral mesh erosion probably related to the Bard sling.

On October 18, 2012, Dr. Farmer was deposed in this action and reportedly testified regarding his care and treatment of Plaintiff, including his discovery and removal of the green stabilizing tab. Approximately one year later, on October 8, 2013, Bard filed supplemental reports of two expert witnesses, Dr. Matthew Clark and Dr. Vincent Lucente. In these reports, the experts opined for the first time that the stabilizing tab left behind by Plaintiff's surgeon, combined with the inadequate care Plaintiff subsequently received from her treating physicians, including Dr. Farmer, likely caused the injuries which Plaintiff attributes to the Bard sling.

On November 6, 2013, Plaintiffs filed a notice of deposition scheduling the supplemental deposition of Dr. Farmer on November 14, 2013. Plaintiffs did not consult with Bard prior to arranging the deposition and did not seek leave from the court to take a second deposition of Dr. Farmer until yesterday.

## II.    **Discussion**

Federal Rule of Civil Procedure 30(a)(2) requires a party to obtain leave of court to take the deposition of a witness that has already been deposed in the case. Consistent with this Rule, the parties in this multidistrict litigation agreed to a deposition protocol that also limited the number of times the same witness could be deposed. (ECF No. 243). The protocol provides that "absent exigent circumstances," the same witness may not be deposed on the same subject matter more than once. Moreover, "second depositions on new subject matter shall be permitted only upon consent of the parties or an Order of the Court issued for good cause shown." (*Id.* at 2). Under Rule 26(b)(2)(C), the court has a concomitant obligation to limit discovery that is unreasonably cumulative and duplicative or that can be obtained from some other source that is more convenient, less burdensome, or less expensive. Further, discovery must be limited when the "party seeking discovery has had ample opportunity to obtain the information by discovery in the action." (*Id.*).

Here, Plaintiff contends that a second deposition of Dr. Farmer is necessary to (1) obtain his testimony regarding three treatment visits with Plaintiff that occurred after his deposition was taken, (2) respond to the recent criticisms levied against him by Bard's experts, and (3) explain that the anatomical location of the stabilizing tag found during Plaintiff's sling revision is different than the location of the mesh erosion identified in 2010. Plaintiff argues that the jury should be able to hear about these issues from the treating physician who made the observations and rendered the care. To the contrary, Bard asserts that a second deposition of Dr. Farmer is burdensome in light of its timing and would be cumulative of other testimony. Although there is some merit to Plaintiff's arguments, the undersigned finds that they simply do not constitute exigent

circumstances or good cause for disregarding the relevant discovery rules, the deposition protocol, and the docket control order.

The docket control order in this case required the depositions of all treating physicians to be concluded by March 3, 2013. While it is true that two of Dr. Farmer's visits with Plaintiff occurred after that deadline (April 10, 2013 and October 8, 2013), the records are available to the parties and their experts. Accordingly, Plaintiff will have ample opportunity to submit this evidence to the jury through her own testimony and through the testimony of her expert witnesses. Similarly, evidence regarding the anatomical location of the stabilizing tab and the site of Plaintiff's mesh erosion is available through Dr. Farmer's prior testimony or can be supplied by other witnesses. According to the parties, Dr. Farmer testified at length during his first deposition regarding Plaintiff's sling revision surgery, and the discovery and removal of the stabilizing tab. Other treating physicians, such as Dr. Mallett, Dr. Vogt and Dr. Secrest, examined Plaintiff on various occasions and identified mesh erosion, also documenting their findings in the medical records. Therefore, medical records have been produced that describe both the location of the stabilizing tab and the site of Plaintiff's mesh erosion. Expert witnesses on both sides will no doubt thoroughly address the role the stabilizing tab played in Plaintiff's injuries. Therefore, Dr. Farmer's testimony would be cumulative. As far as criticisms against Dr. Farmer, neither Dr. Clark nor Dr. Lucente is expected to testify that Dr. Farmer deviated from appropriate standards of care. Plaintiff's expert witnesses can certainly rebut the claim that Plaintiff's medical treatment, rather than the allegedly defective product, caused Plaintiff's injuries. The fact that Plaintiff would prefer to have this testimony supplied by Dr. Farmer plainly is not a sufficient reason to disregard the time frames in place; particularly, this late in the

4

proceedings. Bard's supplemental expert reports were served on October 8, 2013. Yet, Plaintiff first advised Defendant that she wished to conduct a second deposition of Dr. Farmer nearly a month later and only three weeks before trial. Unfortunately, when viewed in context, Plaintiff's unexplained delay in requesting the deposition weighs against her motion for leave to depose Dr. Farmer.

Finally, Plaintiff indicates that she wishes to offer Dr. Farmer to supply causation opinions to rebut the statements of Dr. Clark and Dr. Lucente. Introducing expert opinions by Dr. Farmer at this point in the litigation is problematic. Defendant would be entitled to a disclosure of Dr. Farmer's opinions pursuant to Fed.R.Civ.P. 26(a)(2)(C), and according to Rule 26(a)(2)(D), that disclosure was due no later than thirty days after Bard's supplemental expert reports, or by November 7, 2013. Therefore, Dr. Farmer's disclosure is already late. If Dr. Farmer is allowed to provide opinions, Bard would likely be permitted an opportunity to depose Dr. Farmer regarding those opinions. Obviously, this deposition would have to occur in advance of Plaintiff taking a supplemental deposition of Dr. Farmer for evidence. The need for additional discovery occasioned by Dr. Farmer's anticipated causation opinions is incompatible with the current trial schedule. And the trial schedule is not likely to change. Therefore, the undersigned finds that Defendant is entitled to an order prohibiting the second deposition of Dr. Farmer.

The Clerk is instructed to provide a copy of this order to counsel of record.

**ENTERED:** November 13, 2013.

Cheryl A. Eifert
United States Magistrate Judge

5