# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CAROLYN JONES,

        Plaintiff,

v.                                  CIVIL ACTION NO. 2:11-cv-00114

C. R. BARD, INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion in limine to exclude Bobby Orr's mesh development memoranda [Docket 372] filed by Defendant C. R. Bard, Inc. ("Bard"). For the reasons set forth below, Bard's motion is **DENIED**.

**I. Background**

This action is one of several thousand cases consolidated here by the Judicial Panel on Multidistrict Litigation. It is a bellwether case currently set for trial on Friday, January 10, 2014. The plaintiff alleges injuries suffered as the result of an implanted Avaulta product. The proposed pretrial order sets forth a claim for design defect under the Mississippi Products Liability Act (MPLA), Miss. Code Ann. §11-1-63. (Prop. Pretr. Ord § III, Docket 369).

Defendant C. R. Bard ("Bard") moves to exclude any statements contained in certain memoranda written by its employee, Bobby Orr ("the Orr memoranda"). Bard asserts that (1) the Orr memoranda are irrelevant under Federal Rule of Evidence 402, (2) they constitute prohibited evidence of subsequent remedial measures in violation of Federal Rule of Evidence 407, and (3)

their probative value is substantially outweighed by the risk of unfair prejudice pursuant to Federal Rule of Evidence 403.

## II. Analysis

### A. Admissibility Under Rule 401

The MPLA is the statutory focal point for the design defect claim. The statute focuses the inquiry on a snapshot in time, namely, the point that "the product left the control of the manufacturer or seller[.]" Miss.Code Ann. § 11–1–63(a) (Rev. 2002); *Phillips 66 Co. v. Lofton*, 94 So.3d 1051, 1060 (Miss. 2012). This presents a problem for the plaintiff at first blush: the Orr memoranda were drafted in 2008 and 2009, much later than either the June 25, 2007, Avaulta product launch date or the August 26, 2008, device implantation date.

In Section III.B of the pretrial order, however, Bard recites the elements of proof applicable to the Mississippi design-defect claim. Bard states at one point as follows:

> To prove her claim for strict liability defective design, Plaintiff must prove by a preponderance of the evidence . . .
>
>> [that] Bard's product was unreasonably dangerous, [meaning that] . . . :
>>
>>> (1) Bard knew *or should have known* of the danger that caused the damage for which Plaintiff now seeks recovery;
>>>
>>> (2) the product failed to function as expected as a result of a design characteristic;
>>>
>>> (3) *a feasible alternative design existed* that would not impair the product's utility, usefulness, practicality, or desirability; and
>>>
>>> (4) the alternative design would have, to a reasonable probability, prevented the harm.

(Prop. Pretr. Ord. at 13 (emphasis added)).

Bard's very own statement of the governing law, then, recognizes that one of the central issues in the case is what it should have known -- and what alternative feasible designs existed -- no later than the 2007 Avaulta product launch date. While the Orr memoranda post-dated that critical point in time, each piece of scientific literature found in the memoranda was published prior to it. The pre-launch, peer-reviewed body of literature referenced by Mr. Orr, and his comments respecting it, may thus relate to what Bard should have known prior to launch and the feasibility of a then-safer alternative.

Accordingly, portions of the Orr memoranda may be admissible. A final determination awaits the foundation laid at trial and the specific portions of the Orr memoranda sought to be introduced.

### B. Admissibility Under Rule 407

Bard additionally asserts that the Orr memoranda should be excluded under Federal Rule of Evidence 407. When a plaintiff is attempting to show a design defect, the Rule prohibits evidence of measures that would have made an earlier injury or harm less likely to occur.

The Orr memoranda are not, in their entirety, devoted to subsequent remedial measures. They include an analysis of Bard's existing products. That portion of the memoranda, at least, is not within the contemplation of the remedial-measure prohibition. *See*, *e.g.*, *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 430 (5th Cir. 2006) "[D]espite the appealing logic of the rule 407 policy, the text of that rule only prohibits evidence of subsequent measures, not evidence of a party's analysis of its product.") (internal quotations and ellipses omitted)(citation omitted); *Prentiss & Carlisle Co. v. Koehring-Waterous Div. of Timberjack, Inc.*, 972 F.2d 6, 10 (1st Cir. 1992); *Benitez-Allende v. Alcan Aluminio do Brasil, S.A.*, 857 F.2d 26, 33 (1st Cir.1988)); *Rocky Mountain Helicopters, Inc. v. Bell Helicopters*, 805 F.2d 907, 918 (10th Cir.

1986); Steven Goode & Guy Wellborn, *Courtroom Handbook on Federal Evidence* Rule 407 (Elec. ed. 2013). Rule 407 thus does not categorically preclude admission of the Orr memoranda.

### C. Admissibility Under Rule 403

Finally, Bard asserts that the Orr memoranda should be excluded under Federal Rule of Evidence 403. It contends that any probative value is substantially outweighed by the prejudice that would occur if the memoranda were admitted. Bard has failed to sufficiently articulate why admission of the memoranda would lead to prejudice that is "unfair." As such, the Orr memoranda should not be excluded under Rule 403.

### D. Conclusion

For the reasons discussed above, it is **ORDERED** that Bard's motion in limine to exclude Bobby Orr's mesh development memoranda [Docket 372] is **DENIED**.[1]

The Court **DIRECTS** the Clerk to send a copy of this memorandum opinion and order to counsel of record and any unrepresented party.

ENTER: January 3, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] In its reply, Bard requested that it be given leave to file a 10-page supplemental brief to more fully articulate its position in light of the plaintiff's violation of the page limitations previously imposed by the Court. The additional briefing is unnecessary.

4